[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE (#120)
On July 24, 1990, the plaintiffs John and Gail Levesque instituted this action against the defendants Kris Enterprises, Inc., Marilyn D'Aprile and Lisa D'Aprile seeking specific performance of a real estate, sales agreement. The plaintiffs' revised complaint filed on November 9, 1990, alleges the following facts. On or about June 18, 1990, the plaintiffs and the defendant Kris Enterprises, Inc. entered into a lease with an option to buy certain real property and a cafe business including the equipment and inventory. The defendants Marilyn D'Aprile and Lisa D'Aprile are shareholders, officers, and directors of Kris Enterprises, Inc. The complaint further alleges that the defendants repudiated the agreement of lease and sale and informed the plaintiffs that it had found another buyer on more favorable terms and would not sell to the plaintiffs. On August 3, 1990, the defendants conveyed the property to the defendant MDWJ, Inc., which allegedly knew or had reason to know of the plaintiffs' interest in the property.
The plaintiffs five count revised complaint alleges causes of action in breach of contract as to the defendant Kris Enterprises, count one; intentional inducement to breach a contract by a corporate agent as to the defendant Marilyn D'Aprile, count two; intentional inducement to breach a contract by a corporate agent as to the defendant Lisa D'Aprile, count three; breach of contract as to the defendant MDWJ, Inc.; and CUTPA as to all defendants, count five.
The defendants Lisa D'Aprile, Marilyn D'Aprile and MDWJ, Inc. move to strike count five of the plaintiffs' revised complaint on the grounds that more than a single act of misconduct is required to allege a CUTPA claim. Pursuant to Conn. Practice Bk. 155, memoranda of law in support and in opposition to the motion to strike have been filed.
The motion to strike challenges the legal sufficiency of a pleading. Conn. Practice Bk. 152, The facts alleged in the complaint are to be construed in a manner most favorable to the pleader. Biro v. Hill,214 Conn. 1, 2 (1990). A motion to strike is the proper vehicle to test the legal sufficiency of a, CUTPA claim. Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528, 530 (1981).
The basis of the defendants' motion to strike is that a single instance of alleged misconduct is insufficient to bring a CUTPA cause of action.
Conn. Gen. Stat. 42-110b(a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Section 42-110g(a) provides that "[a]ny person who suffers any ascertainable loss. . .as a result of the use or employment of a method, act or practice . . .may bring an action. . . ."
The language of these provisions allows a single unfair act to form the basis for a CUTPA claim. A significant number of Superior court decisions have held that a litigant does not have to allege more than a single transaction in order to bring a CUTPA claim. See Ransom v. Amerlink, Ltd., 3 CTLR 491 (April 18, 1991, Dranginis, J.); Allison v. Widder, 1 CTLR 100 (April 30, 1990, Cioffi, J.) and Student v. Cardascio, 2 CSCR 382 (March 3, 1987, Reynolds, J.).
Moreover, CUTPA is a remedial statute and must be construed liberally in an effort to effectuate its public policy goals. Web Press Services Corporation v. New London Motors, Inc., 203 Conn. 342, 354 (1987).
Accordingly, the plaintiffs' allegations of a breach of contract and tortious conduct are sufficient to support a CUTPA claim and therefore the defendants' motion to strike is denied.
SUSCO, J. CT Page 4127